UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KAIVON MITCHELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV424-120 |
| JOSHUA JONES, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Kaivon Mitchell filed a § 2254 petition. *See* doc. 1. His Petition was transferred from the Northern District of Georgia, doc. 2, but he neither paid the filing fee nor moved to proceed *in forma pauperis* in that court. The Clerk notified him of the deficiency. *See* doc. 5. He has responded to the Clerk's Notice by filing a Motion to pursue this case *in forma pauperis*. Doc. 9. Review of that request shows that Mitchell is not indigent, and his Motion for leave to proceed IFP should therefore be **DENIED**. Doc. 9.

Mitchell's request to proceed *in forma pauperis* states that he receives money from his mother. Doc. 9 at 2. Although it indicates that he has not received any deposits to his prison trust account in the past six months, he states that he has a $10 balance. *Id.* It is clear, therefore,

that he has sufficient funds to pay the $5.00 filing fee. See 28 U.S.C. § 1914(a).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application). Two important points must again be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month

selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given Mitchell's admitted ability to pay the required filing fee, he is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**. Doc. 9. Should the assigned district judge agree with this recommendation, Mitchell should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

The Court also notes that Mitchell has attempted to comply with its prior instruction to submit an amended petition using the required form. *See* docs. 6 & 7. However, the Amended Petition he submitted was not signed. *See generally* doc. 7. Although a document attached to the Amended Petition titled "Motion for Leave to Use Original Record from the United States District Court on § 2254 Appeal," is signed, *see id.* at 15, and a signed certificate of service for that Motion is attached, *id.* at 16, the Amended Petition is not. The signatures on the attachments do not comply with the Rules. *See* Rule 2(c)(5), Rules Governing Section 2254 Cases (requiring the petition "be signed under penalty of perjury by

the petitioner . . . ."). The Clerk has notified him of the deficiency and directed him to correct it by August 15, 2024. Doc. 8. This Report and Recommendation concerning Mitchell's request to proceed *in forma pauperis* does not alter his obligation to comply with that instruction. Mitchell is advised that failure to timely comply with the Clerk's notice may result in a recommendation that his case be dismissed. *See, e.g.,* Fed. R. Civ. P. 41(b).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 8th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA